1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JORGE ROCA SUAREZ,                          CASE NO. CV F 07-00304 LJO WMW HC

12                        Petitioner,            **ORDER DENYING PETITION FOR WRIT
                                                 OF HABEAS CORPUS WITHOUT**
13           vs.                                 **PREJUDICE; DIRECTING CLERK OF
                                                 COURT TO ENTER JUDGMENT FOR**
14   JEFF WRIGLEY,                               **RESPONDENT; DECLINING ISSUANCE
                                                 OF CERTIFICATE OF APPEALABILITY**
15                        Respondent.

16   _____/

17
             On February 26, 2007, Jorge Roca Suarez ("Petitioner"), a *pro se* California federal prisoner,
18
     filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody
19
     ("Petition") in this Court.[1]  Petitioner is presently incarcerated at the Taft Correctional Institution in Kern
20
     County, located within the jurisdictional boundaries of the United States District Court for the Eastern
21
     District of California ("Eastern District").  *See* 28 U.S.C. § 84(b).  On April 25, 2008, Jeff Wrigley
22
     ("Respondent") filed an Answer to the Petition.  On May 23, 2008, Petitioner filed a Traverse.  Thus,
23
     this matter is ready for decision.
24
                                       **PROCEDURAL HISTORY**
25
             On February 5, 1993, a jury in the United States District Court for the Central District of
26

27   _____

28         [1]      Although petitions for habeas corpus relief are routinely referred to a Magistrate Judge, *see* L.R. 72-302,
     the Court exercises its discretion to address the Petition pursuant to Local Rule 72-302(d).

                                              1

California ("Central District") convicted Petitioner of conspiracy to manufacture cocaine (Count One; 21 U.S.C. §§ 841(a)(1), 846), conspiracy to evade taxes (Count Two; 18 U.S.C. § 371), conspiracy to export currency (Count Three; 18 U.S.C. § 371), two counts of tax evasion (Counts Four & Five; 26 U.S.C. § 7201), and three counts of exportation of monetary instruments (Counts Eight through Ten; 31 U.S.C. §§ 5316(a)(1)(A), 5322(b)).  (Answer Ex. A at 26; Answer Ex. B.)  On September 27, 1993, the trial court sentenced Petitioner to 365 months on Count One, ten years on each of Counts Eight through Ten to run concurrent to one another and to the sentence on Count One, and five years on Counts Two through Five to run concurrent to one another but consecutive to the sentence on Count One, for a total prison term of thirty-five years and five months.  (Answer Ex. B.)  On December 12, 1994, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.  *See United States v. Roca-Suarez*, 43 F.3d 1480 (9th Cir. 1994).

On April 8, 1997, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or amend his sentence in the Central District.  (Answer Ex. C at 1.)  On July 17, 2000, the Central District denied the § 2255 motion.  (*Id.* at 2.)  On January 31, 2002, the Ninth Circuit affirmed the denial of the § 2255 motion.  *See United States v. Roca-Suarez*, 30 F. App'x 723 (9th Cir. 2002).

On February 26, 2007, Petitioner filed the instant Petition.  While the instant case was pending, on August 22, 2008, Petitioner filed a "Motion to Correct a Sentence Pursuant to Writ of Audita Querela 28 U.S.C. § 1651" in the Central District.  *See Roca-Suarez v. United States*, No. 2:08-CV-05530-SVW (C.D. Cal. Dec. 2, 2008).  On December 2, 2008, the Central District denied Petitioner's § 1651 motion.  *See id.*[2]

## DISCUSSION

Petitioner's sole claim in the Petition is that the sentence imposed by the trial court on Count One is ten years in excess of the statutory maximum.  (Pet. 3.)  Petitioner argues that following the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the sentencing statute only permitted a twenty-year sentence on Count One, and thus Petitioner's sentence of thirty years is ten years over the

---

[2]   The Court takes judicial notice of Petitioner's recent Central District case.  *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

2

statutory maximum.  (Pet. 3; Pet. Mem. 3.)[3]  Petitioner, sentenced before *Apprendi*, acknowledges that the Supreme Court has not held *Apprendi* retroactive to sentences imposed before the *Apprendi* decision but contends that an unpublished Ninth Circuit case, *United States v. Peralta-Romero*, 83 F. App'x 872 (9th Cir. 2003), so holds.  (Pet. Mem. 2-4.)  Petitioner also argues that this Court has jurisdiction over the instant § 2241 petition pursuant to the "savings clause" of 28 U.S.C. § 2255.  (*Id.* 2, 4-6.)

## Jurisdiction over the Petition

A federal court may not entertain an action over which it has no jurisdiction.  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam).  Motions contesting the legality of a federal conviction or sentence must be filed pursuant to 28 U.S.C. § 2255 in the sentencing court (here, the Central District, *see* Answer Ex. B).  *Id.* at 864; *see* 28 U.S.C. § 2255(a).  In contrast, challenges to the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court (here, the Eastern District, *see* Pet. 1).  *Hernandez*, 204 F.3d at 864.  Therefore, the Court must first decide whether jurisdiction is proper, i.e., whether the Petition should be considered to have been filed pursuant to § 2241 or § 2255, before it can reach the merits of Petitioner's claims. *See id.* at 865-66; *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (*citing Hernandez*, 204 F.3d at 864), *cert. denied*, 127 S. Ct. 1896 (2007).

Though filed as a § 2241 habeas petition, the instant Petition actually challenges the legality of Petitioner's sentence, specifically the imposition of ten years in excess of the statutory maximum for Petitioner's sentence.  (*See* Pet. 3.)  Accordingly, if any relief exists with respect to Petitioner's claim, it is under § 2255 and not through habeas relief pursuant to § 2241.  *See Hernandez*, 204 F.3d at 864. Petitioner avers, however, that the provision in § 2255 referred to as the "savings clause" allows him to bring his claims under § 2241.  (*See* Pet. Mem. 2, 4-6.)

As addressed *infra*, if the Petition falls under the "savings clause" and therefore qualifies as a § 2241 petition, then only the Eastern District, designated as the custodial court, has jurisdiction over the Petition.  *Hernandez*, 204 F.3d at 865.  If, however, the savings clause does not apply, then the

---

[3]     Petitioner appears to rely on *Apprendi*'s holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," and thus the trial judge's substitution of judicial fact-finding over the jury's is therefore unconstitutional.  *Apprendi*, 530 U.S. at 490; (Pet. Mem. 3-4.)

1   Petition must be construed as a motion under § 2255, and jurisdiction lies only in the sentencing court,

2   the Central District.  *Id.*  At the outset, the Court concludes that the savings clause is not applicable to

3   the instant Petition.

4                                     Savings Clause of 28 U.S.C. § 2255

5           A federal prisoner authorized to seek relief under § 2255 may not petition for habeas relief

6   pursuant to § 2241 unless it appears that the § 2255 motion is "inadequate or ineffective to test the

7   legality of his detention."  28 U.S.C. § 2255(e); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per

8   curiam).  This provision of § 2255 is known as the "savings clause."  *Hernandez*, 204 F.3d at 864 n.2.

9   The burden of proving the inadequacy or ineffectiveness of a remedy under § 2255 rests on the habeas

10  petitioner.  *Toma v. Turnage*, 825 F.2d 1400, 1404 (9th Cir. 1987).

11          The Ninth Circuit has recognized that the remedy under a § 2255 motion is "inadequate or

12  ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive

13  motion under § 2255.  *Ivy v. Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2003).  That is, relief pursuant

14  to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the

15  petitioner is] factually innocent of the crime for which he has been convicted; and, (2) [the petitioner]

16  has never had an 'unobstructed procedural shot' at presenting this claim."  *Id.* at 1060.  "In determining

17  whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's

18  claim 'did not become available' until *after* a federal court decision."  *Harrison v. Ollison*, 519 F.3d 952,

19  960 (9th Cir. 2008) (*citing Stephens*, 464 F.3d at 898) (emphasis added).  "In other words, we consider:

20  (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct

21  appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's

22  claim after that first § 2255 motion."  *Id.* (*citing Ivy*, 328 F.3d at 1060-61).

23          Here, Petitioner fails to show that a remedy under § 2255 is "inadequate or ineffective."

24  Petitioner only challenges the legality of his sentence and not his conviction, and even concedes that he

25  does not "argue that he is factually innocent." (Pet. Mem. 6.)  In addition, Petitioner does not show he

26  never had an "unobstructed procedural shot" at presenting his claim.  Petitioner originally included his

27  claim in the appeal of the denial of his § 2255 motion, but withdrew it. (*See* Pet. Mem. 1); *Roca-Suarez*,

28  30 F. App'x at 724 n.1.  Furthermore, the *Apprendi* decision was decided on June 26, 2000, and

                                                        4

1  Petitioner made no effort to amend his § 2255 motion in the Central District prior to the court's denial

2  on July 17, 2000.  (*See* Answer Ex. C at 2); *Harrison*, 519 F.3d at 960 ("[W]e ask whether petitioner's

3  claim 'did not become available' until *after* a federal court decision." (citation and internal quotation

4  marks omitted) (emphasis added)).

5          Moreover, to the extent that Petitioner argues that the preclusion of filing a second or successive

6  § 2255 motion in the Central District renders a § 2255 remedy "inadequate or ineffective," that argument

7  is without merit.  (*See* Pet. Mem. 4); 28 U.S.C. §§ 2244, 2255(h).  The ban on unauthorized second or

8  successive motions does not make a § 2255 remedy inadequate or ineffective.  *See Lorentsen v. Hood*,

9  223 F.3d 950, 953 (9th Cir. 2000).

10         Accordingly, and for the foregoing reasons, the savings clause of 28 U.S.C. § 2255 does not

11  apply and the Petition is properly construed as a § 2255 motion.

12         Section 2255 motions must be heard in the sentencing court.  28 U.S.C. § 2255(a); *Hernandez*,

13  204 F.3d at 864-65.  Because this Court is only the custodial court and construes the Petition as a § 2255

14  motion, this Court lacks jurisdiction over the Petition.  *Hernandez*, 204 F.3d at 864-85.

15                          **<u>Dismissal or Transfer of the Petition</u>**

16         Title 28 U.S.C. § 1631 governs the transfer of civil actions to cure jurisdictional defects, and is

17  the proper statute the Court must utilize for lack of jurisdiction over a habeas petition.  *See Hernandez*,

18  204 F.3d at 865 n.6.  Transfer is appropriate under § 1631 if three conditions are satisfied:  (1) the

19  transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time

20  the action was filed; and (3) the transfer is in the interest of justice.  *Cruz-Aguilera v. INS*, 245 F.3d

21  1070, 1074 (9th Cir. 2001).  The Court must decide whether the Petition should be dismissed or

22  transferred to the sentencing court, the Central District.

23         As discussed, the transferring court, the Eastern District, lacked jurisdiction at the time the

24  Petition was filed on February 26, 2007.  However, the transferee court, the Central District, would also

25  not have had jurisdiction if the Petition was filed in that court on February 26, 2007.  This is because

26  a petitioner must obtain authorization from the appropriate court of appeals before filing a "second or

27  successive" § 2255 motion in the district court, and lack of authorization deprives the district court of

28  jurisdiction.  *See* 28 U.S.C. §§ 2244(a), (b)(3), 2255(h); *Burton v. Stewart*, 549 U.S. 147, 152 (2007)

5

1   (per curiam); *Cooper v. Calderon*, 274 F.3d 1270, 1274-75 (9th Cir. 2001).[4]  Here, Petitioner previously

2   filed a § 2255 motion in the Central District on April 8, 1997, which was denied on the merits on July

3   17, 2000.  (*See* Answer Ex. C at 1-2.)  Because the instant Petition filed on February 26, 2007, is second

4   or successive to the previous § 2255 motion adjudicated on the merits, Petitioner was required to move

5   in the Ninth Circuit for an order authorizing the district court to consider his Petition.  *See* 28 U.S.C.

6   2255(h); *Burton*, 549 U.S. at 153 (finding habeas petition second or successive when petitioner's first

7   petition challenged his conviction and petitioner's second petition challenged his sentence pursuant to

8   *Apprendi*); *United States v. Lopez*, 534 F.3d 1027, 1033 (9th Cir. 2008), *reh'g granted on other grounds*,

9   No. 07-35389, 2008 WL 5000037 (Oct. 30, 2008); *Harrison*, 519 F.3d at 961-62.  In light of Petitioner's

10  failure to get appellate authorization, the Central District lacked jurisdiction at the time Petitioner filed

11  the instant Petition in this Court.  *Burton*, 549 U.S. at 152; *Cooper*, 274 F.3d at 1274-75.

12        Finally, a transfer of the Petition would not be in the interest of justice.  *Cruz-Aguilera*, 245 F.3d

13  at 1074.  "Normally transfer will be in the interest of justice because normally dismissal of an action that

14  could be brought elsewhere is time consuming and justice-defeating."  *Id.* (citation and internal quotation

15  marks omitted).  "When determining whether transfer is in the interest of justice, courts have considered

16  whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action

17  in good faith, and other equitable factors."  *Id.*

18        Here, the Petition cannot be "brought elsewhere" because the Central District does not have

19  jurisdiction.  In addition, even assuming the Central District had jurisdiction to hear Petitioner's claim,

20  his claim that *Apprendi* applies retroactively to his 1993 sentence is without merit.  The Ninth Circuit

21  has explicitly held that *Apprendi* is not retroactive.  *See, e.g.*, *Cooper-Smith v. Palmateer*, 397 F.3d

22  1236, 1245-46 (9th Cir. 2005).   Petitioner cites an unpublished opinion, *United States v.*

23  *Peralta-Romero*, 83 F. App'x 872 (9th Cir. 2003), for the proposition that the Ninth Circuit has found

24  *Apprendi* retroactive.  (*See* Pet. Mem. 2-4.)  However, *Peralta-Romero* is distinguishable because the

25  petitioner's conviction in that case was not final prior to the Supreme Court's decision in *Apprendi*, and

26  thus the *Peralta-Romero* court was not applying *Apprendi* retroactively.  (*See* Appellant's Br., *United*

27

28
    [4]        Because Petitioner brings a disguised § 2255 motion instead of a legitimate § 2241 petition, the second or
    successive bar applies.  *See Harrison*, 519 F.3d at 961-62.

1  *States v. Peralta-Romero*, No. 02-16190, 2002 WL 32625736, at \*4-\*5, \*16 n.4.)[5]  Instead, the court

2  upheld the petitioner's resentencing because the district court's "inherent authority to sentence was broad

3  and flexible" and the petitioner's *Apprendi* claim was not procedurally defaulted.  *Peralta-Romero*, 83

4  F. App'x at 874.  Because Petitioner's conviction and sentence were final prior to the *Apprendi* decision,

5  *Peralta-Romero* is inapplicable and the bar to *Apprendi*'s retroactivity disallows Petitioner relief.  *See*

6  *Cooper-Smith*, 397 F.3d at 1245-46.

7      Accordingly, and for the foregoing reasons, the Petition is dismissed without prejudice for lack

8  of jurisdiction.  *See* 28 U.S.C. § 2255; *Hernandez*, 204 F.3d at 865.

9  ### Certificate of Appealability

10      "Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 petition, the

11  petitioner cannot appeal from the denial of that petition without a [certificate of appealability]."

12  *Harrison*, 519 F.3d at 958 (*citing Porter v. Adams*, 244 F.3d 1006, 1006-07 (9th Cir. 2001)).  An

13  applicant seeking to appeal a district court's dismissal of a motion under 28 U.S.C. § 2255 must first

14  obtain a certificate of appealability ("COA") from a district judge or circuit judge.  28 U.S.C. §

15  2253(c)(1); Fed. R. App. P. 22(b)(1).  A judge should either grant the COA or state reasons why it

16  should not issue, and the COA request should be decided by a district court in the first instance.  Fed.

17  R. App. P. 22(b)(1); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

18      The applicant for a COA must make a "substantial showing of the denial of a constitutional

19  right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  A "substantial showing"

20  is defined as a demonstration (1) that the issues are debatable among jurists of reason; (2) that a court

21  could resolve the issues differently; or (3) that issues are adequate to deserve encouragement to proceed

22  further.  *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see Slack*, 529 U.S. at 483-84 (stating that

23  except for substituting the word "constitutional" for the word "federal," § 2253 codified the pre-AEDPA

24  standard announced in *Barefoot v. Estelle*).

25      When, as present here, the "district court denies a habeas petition on procedural grounds without

26  reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows,

27

28      [5]  Because the *Peralta-Romero* opinion did not enunciate the procedural history of the case, *see Peralta-Romero*, 83 F. App'x at 873 n.1, the Court relies on the government's brief on appeal.

1  at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

2  denial of a constitutional right and that jurists of reason would find it debatable whether the district court

3  was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  "Section 2253 mandates that both

4  showings be made . . . and a court may find that it can dispose of the application in a fair and prompt

5  manner if it proceeds first to resolve the issue whose answer is more apparent from the record and

6  arguments." *Id.* at 485.

7        The Court has reviewed the record of this case and finds that reasonable jurists would not find

8  the Court's procedural ruling debatable or wrong.  Accordingly, the Court declines to issue a certificate

9  of appealability.

10                              **CONCLUSION AND ORDER**

11        For the reasons discussed above, the Court DENIES the Petition for Writ of Habeas Corpus

12  without prejudice and DECLINES the issuance of a certificate of appealability.  The Clerk of Court is

13  ORDERED to enter Judgment for Respondent and to close Case No. CV F 07-00304 LJO WMW HC.

14

15  IT IS SO ORDERED.

16  **Dated:   January 13, 2009**                    /s/ Lawrence J. O'Neill
17                                        UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28